# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>Franklin Loan Corporation,<br><br>　　　　　Defendant. | Case No. 5:14-cv-02324-JGB<br><br>**STIPULATED FINAL JUDGMENT AND ORDER**<br><br>Hon. Jesus G. Bernal |

　　　　The Consumer Financial Protection Bureau (Bureau) commenced this civil action on November 13, 2014, to obtain injunctive and monetary relief from Franklin Loan Corporation (Franklin or the Company). The complaint alleges violations of the Loan Originator Compensation Rule, 12 C.F.R. § 226.36(d)(1)(i)(2011) (recodified as 12 C.F.R. § 1026.36(d)(1)(i) (2011)), and section 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A).

　　　　The parties, by and through respective counsel, agree to the entry of this Stipulated Final Judgment and Order (Order).

　　　　**THEREFORE, it is ORDERED:**

## <u>FINDINGS AND CONCLUSIONS</u>

　　　　1.　　This Court has jurisdiction over the parties and the subject matter of this action.

　　　　2.　　The Bureau and Franklin agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the complaint to the date this Order is entered.

3. Franklin neither admits nor denies any allegations in the complaint, except as specifically stated in this Order. For the purposes of this Order, Franklin admits the facts necessary to establish the Court's jurisdiction over Franklin and the subject matter of this action.

4. Franklin waives service under Rule 4(d) of the Federal Rules of Civil Procedure, and waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Franklin also waives any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party will bear its own costs and expenses, including without limitation attorneys' fees.

5. Entry of this Order is in the public interest.

## DEFINITIONS

The following definitions apply to this Order:

6. "**Affected Consumer**" means any person (i) who obtained a closed-end mortgage loan for personal, family, or household use through a Loan Originator and (ii) whose Loan Originator received an expense-account contribution and a quarterly bonus from the Company associated with such mortgage loan between April 6, 2011 and the Effective Date.

7. "**Effective Date**" means the date on which this Order is entered.

8. "**Enforcement Director**" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his delegee.

9. "**Franklin**" means Franklin Loan Corporation and any successors or assigns.

10. "**Loan Originator**" means a "loan originator" as defined in the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and its implementing regulations, who is an employee of Franklin.

# ORDER

**A. Injunctive Relief**

11. **IT IS ORDERED** that Franklin and its officers, agents, servants, employees, and all other persons in active concert or participation with them, who have actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from paying compensation to a Loan Originator in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and its implementing regulations.

**B. Monetary Relief**

12. **IT IS FURTHER ORDERED** that a judgment for monetary relief is hereby entered in favor of the Bureau and against Franklin in the amount of $730,000.

13. Within 10 days of the Effective Date, Franklin must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $730,000 in full satisfaction of the judgment as ordered in Paragraph 12 of this Order.

14. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or its agent, according to applicable statutes and regulations, to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress.

15. If the Bureau, in its sole discretion, determines that redress to Affected Consumers is wholly or partially impracticable or if funds remain after redress is completed, the Bureau may apply any remaining funds for other equitable relief (including consumer-information remedies) reasonably related to the violations alleged in the complaint. Any funds not used for such equitable relief will be deposited in the United States Treasury as disgorgement. Franklin will have no right to challenge any actions that the Bureau or its representatives may take under this paragraph.

16. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

17. In the event of any default on Franklin's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

18. Franklin must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds may be returned to Franklin.

19. Under 31 U.S.C. § 7701, Franklin, unless it already has done so, must furnish to the Bureau its taxpayer identifying number, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## C. Reporting Requirements

20. **IT IS FURTHER ORDERED** that for 5 years from the Effective Date, Franklin must notify the Bureau of any of the following: a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Franklin; or a change in Franklin's name or address. Franklin must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

21. Within 7 days of the Effective Date, Franklin must:
   a. designate at least one telephone number and an email, physical, and postal address as points of contact, which the Bureau may use to communicate with Franklin;
   b. identify all businesses for which Franklin is the majority owner, or that Franklin directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

4

      c. describe the activities of each business, including the products and services offered, and the means of advertising, marketing, and sales.

22. Within 90 days of the Effective Date, and again one year after the Effective Date, Franklin must submit to the Enforcement Director an accurate written compliance-progress report (Compliance Report), which, at a minimum:

      a. describes in detail the manner and form in which Franklin has complied with this Order; and

      b. attaches a copy of each Order Acknowledgment obtained under Section D of this Order, unless previously submitted to the Bureau.

23. After the one-year period, and continuing for 5 years from the Effective Date, Franklin must submit to the Enforcement Director additional Compliance Reports within 14 days of receiving a written request from the Bureau.

**D. Order Distribution and Acknowledgement**

24. **IT IS FURTHER ORDERED** that within 7 days of the Effective Date, Franklin must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

25. Within 30 days of the Effective Date, Franklin must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, service providers, any business entity that has common or overlapping ownership with Franklin, and other agents and representatives who have responsibilities related to the subject matter of this Order.

26. For 5 years from the Effective Date, Franklin must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section C, any future board members and executive officers, as well as to any managers, employees, service providers, and other agents and representatives who will have responsibilities related to the subject matter of this Order before they assume their responsibilities.

5

27. Franklin must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

**E.     Recordkeeping**

28.     **IT IS FURTHER ORDERED** that Franklin must create, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including documents detailing the amounts, dates, and components of all compensation paid to Loan Originators and how such compensation was calculated, and all other submissions to the Bureau.

29.     Franklin must retain the documents identified in Paragraph 28 for at least 5 years.

30.     Franklin must make the documents identified in Paragraph 28 available to the Bureau upon the Bureau's request.

**F.     Notices**

31.     **IT IS FURTHER ORDERED** that unless otherwise directed in writing by the Bureau, Franklin must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re* Franklin Loan Corporation, File No. 2013-0913-02" and send them either:

   a. By overnight courier (not the U.S. Postal Service), as follows:

   Assistant Director for Enforcement
   Consumer Financial Protection Bureau
   ATTENTION: Office of Enforcement
   1625 Eye Street, N.W.
   Washington D.C. 20006; or

   b. By first class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

   Assistant Director for Enforcement

>Consumer Financial Protection Bureau
>ATTENTION: Office of Enforcement
>1625 Eye Street, N.W.
>Washington D.C. 20006

### G. Cooperation with the Bureau

32. **IT IS FURTHER ORDERED** that Franklin must cooperate fully to help the Bureau determine the identity, location, and any and all other available information which the Bureau deems relevant concerning each Affected Consumer. Franklin must provide such information in its or its agents' possession or control within 14 days of receiving a written request from the Bureau.

33. Franklin must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the complaint. Franklin must provide truthful and complete information, evidence, and testimony. Franklin must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as the Bureau may reasonably designate, without the service of compulsory process.

### H. Compliance Monitoring

34. **IT IS FURTHER ORDERED** that, for purposes of monitoring Franklin's compliance with this Order, Franklin must submit, within 14 days of receipt of a written request from the Bureau, additional compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

35. For purposes of this Section, the Bureau may communicate directly with Franklin, unless Franklin retains counsel related to these communications.

36. Franklin must permit Bureau representatives to interview any employee or other person affiliated with Franklin who has agreed to such an interview. The person interviewed may have counsel present.

37. Nothing in this Order limits the Bureau's lawful use of compulsory process under 12 U.S.C. § 5526 and 12 C.F.R. § 1080.6.

38. For the duration of this Order, Franklin agrees to be subject to the Bureau's supervisory authority under 12 U.S.C. § 5514. Consistent with 12 C.F.R. § 1091.111, Franklin may not petition for termination of supervision under 12 C.F.R. § 1091.113.

## I. Release

39. The Bureau releases and discharges Franklin from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. The Bureau may use the practices alleged in the complaint in future enforcement actions against Franklin and its affiliates, including, without limitation, to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with the Order, or to seek penalties for any violations of the Order.

## J. Retention of Jurisdiction

40. The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

DATED: November 26, 2014

_____
United States District Judge